UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-XXXXX-CIV-X/x

**Ramon Valle**, individually and on behalf of others similarly situated,

    Plaintiff,

vs.

**AA and K Restoration Group, LLC**, a Florida limited liability company;
**Katherine M. Biscardi**, individually; and,
**Alfred Miller**, individually,

    Defendants.
_____/

CLASS REPRESENTATION

# FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Ramon Valle, individually and on behalf of others similarly situated, sues Defendants, AA and K Restoration Group, LLC; Katherine M. Biscardi, individually, and; Alfred Miller, individually, and allege:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages and other relief brought under the laws of the United States of America and under common law theories for the recovery of unpaid wages. This Court has jurisdiction pursuant to *inter alia*, the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2. Plaintiff Ramon Valle worked for a conglomerate of related persons and entities who together own and operated under the moniker AA and K Restoration Group, LLC as an entity in the business of, *inter alia*, clearing debris from public roadways caused by the occurrence of tropical storms and hurricanes. The conglomerate includes Defendants AA and K Restoration Group, LLC; Katherine M. Biscardi, and; Alfred Miller.

3. Plaintiff, Ramon Valle, together with any other person who may hereafter consent to join in this lawsuit, is an "employee" within the meaning of 29 U.S.C. §203(e).

4. Defendants AA and K Restoration Group, LLC is a Florida limited liability company owned and/or operated and controlled by and through, directly and indirectly, Defendants Katherine M. Biscardi, and Alfred Miller.

5. Defendants, each of them individually and together as a group, are a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may be hereinafter referred to as the "Employer". Moreover, this same "Employer", each individually or together, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §1337, and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida and throughout the United States. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the Plaintiff was, and others similarly situated were, individually engaged in commerce by virtue of the nature of the work performed and by virtue of their own required crossing of interstate boundaries as part of their negotiated duties.

## **CLASS ALLEGATIONS**

8. The named Plaintiff is similarly situated to at least four other contracted employees who work or have worked during any part of the past three years at any of the work locations to which this Employer employed people to clear debris occasioned by natural disasters.

9. The named Plaintiff and those similarly situated work or worked in accordance with their status as W-2 employees specifically contracted to clear storm debris from areas affected by natural disasters, and required to be paid at a negotiated base rate of hourly pay.

10. The named Plaintiff and those similarly situated were routinely required to work long hours and even around the clock to ensure that storm debris was removed from public areas affected by natural disasters.

11. On a daily basis, because available housing in affected areas was greatly diminished, employees were required to stay at hotels designated by the Employer located at considerable distances from the work locations, thus necessitating substantial travel to and from the designated work sites and the designated housing sites provided by the employer.

12. The employer fails to keep reliable time-keeping records, but purports to pay in round figures by direct deposit which bear no relationship with the negotiated hourly rates for work provided by the plaintiffs.

13. The Employer does not specifically or finally pay on account of hours worked and in fact does not attempt to keep track of or otherwise account for the number of hours worked actually worked by them.

14. The Employer further avoids the responsibility of paying a minimum and overtime wages to employees by failing to pay wages on the negotiated and established pay day, and failing to pay at all for the last days of an employee's tenure of employment.

15. On at least two pay periods, during the period of time covered by this Complaint, the Plaintiff, and those similarly situated, were paid less than necessary to cover the required minimum wage for all hours worked during respective pay periods, and failed to at the required premium rate for hours worked in excess of forty on any given workweek.

## ATTORNEY'S FEES

16. Plaintiff has engaged the services of the undersigned attorneys and agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

17. Plaintiff, and those similarly situated, are entitled to an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, Florida Statute §448.08, and other related authority.

## – COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Minimum Wages)

Plaintiff, and others similarly situated, reallege ¶¶ 1-17, as though fully set forth herein.

18. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked for the Employer and entitled to receive those minimum hourly wages not later than the regularly established pay day.

19. On numerous occasions during his tenure with this Employer, all occurring well within the period beginning March 6, 2016 ("the applicable period covered by this Complaint"), the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to timely pay the Plaintiff and/or other similarly situated employees at least a minimum hourly wage on the regularly scheduled pay date when wages were due, and/or failed to pay wages at all.

20. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains obligated to the named Plaintiff and other similarly situated employees, liquidated damages, in addition to unpaid wages, based upon the failure to pay wages, and the failure to pay wages on time, and for unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

WHEREFORE, Plaintiff, and others similarly situated demand the following: payment of all unpaid minimum wages for every hour worked by him and those similarly situated during every pay period, or as much as is allowed by the FLSA, whichever is greater, in an amount to be proven at the time of trial; an additional like amount as liquidated damages for any unpaid or late-paid minimum wages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances.  Also, in the event that Plaintiff and those similarly situated, do not recover liquidated damages as allowed, then Plaintiffs and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

– COUNT II –
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Pay Overtime Wages)**

Plaintiff, and others similarly situated, reallege ¶¶ 1-17, as though fully set forth herein.

21. At all times during his employment, Plaintiff, and those similarly situated, was and were protected employees required by law to be paid by the hour for work performed for the Employer and required to be paid at the rate of one-and-half times his regular hourly rate for those hours worked in excess of forty during any given workweek.

5

22. Plaintiff routinely worked many overtime hours per week but his overtime hours were routinely not counted and were systematically not paid at all, and certainly not paid at the premium rate required by law.

23. Other current and former similarly situated employees of the Employer, who performed the same or similar duties for the Employer as Plaintiff, were also not paid overtime wages as required by law.

24. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA. Other persons who are – or who may become – Plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer. Said other persons were also subject to the payroll practices and procedures described above.

25. The Employer failed to timely pay overtime compensation to Plaintiff, and those similarly situated, based upon factors to include the following: (a) Plaintiff was not paid for most of the many hours he worked in excess of forty during the majority of his workweeks; (b) the Employer completely failed to maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; (c) the Employer has failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

26.     The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiff and other similarly situated employees their overtime wages due from the commencement of their employment and, as a result, they are entitled to recover double or liquidated damages.

WHEREFORE, Plaintiff and others similarly situated request double damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial, and for all unpaid overtime wages owing Plaintiff and those similarly situated employees for their entire applicable employment period, or as much as is allowed by the FLSA, whichever is greater.  In the event that Plaintiff and those similarly situated employees do not recover double damages, then Plaintiff and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

– COUNT III –
**BREACH OF AGREEMENT TO PAY WAGES**
**(Failure to Pay Wages)**

Plaintiff, and others similarly situated, reallege ¶¶ 1-17, as though fully set forth herein.

27.     At all times during his employment, the Plaintiff was an employee whom the Employer had agreed to pay at a specific negotiated hourly rate of pay, plus additional amounts to be reimbursed for expenses undertaken in connection with the services rendered.

28.     At the time Plaintiff Ramon Valle and others similarly situated were involuntarily terminated from employment, he was owed unpaid wages and unreimbursed costs from the Defendants.

29.     Plaintiff has fulfilled any condition precedent to making this claim for unpaid wages and reimbursement of costs.

30. The Employer breached the agreement to pay wages and costs, and as a result are unjustly enriched by the services rendered and costs advanced on their behalf.

WHEREFORE, Plaintiff, and others similarly situated, demands the following: payment of all accrued unpaid wages and commissions in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## **JURY DEMAND**

31. Plaintiff, Ramon Valle, individually and on behalf of any other similarly situated person who opts to join into this lawsuit, demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: March 6, 2019

Anthony F. Sanchez, P.A.
Counsel for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:    305-328-4842
Email:  afs@laborlawfla.com

By:  /s/ Anthony F. Sanchez
     Anthony F. Sanchez
     Florida Bar No.0789925