UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-20873-KMM/Becerra

RAMON VALLE, *et al.*

    Plaintiffs,

v.

AA AND K RESTORATION GROUP, LLC,
*et al.*

    Defendants.
_____/

## OMNIBUS REPORT AND RECOMMENDATION ON PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS[1]

**THIS CAUSE** came before the Court upon Plaintiffs Ramon Valle, Yasmany Garcia, Francisco Segui, Gabriel Santini, Daniel Perez, and Abby Madrid's (collectively "Plaintiffs") Verified Motion for Attorneys' Fees and Non-Taxable Costs. ECF No. [208]. No response or opposition was filed by any Defendant. In addition, Plaintiffs filed a Bill of Costs, ECF No. [200]. Defendant Ceres Environmental Services, Inc. ("Ceres") filed a Response in Opposition to the Bill of Costs. ECF No. [203]. No other response or opposition was filed by any other Defendant. Following the undersigned's Order to Show Cause, ECF No. [211], Defendant AA and K Restoration Group LLC ("AA and K") filled a Response indicating that it "knows of no reason why the relief sought [by Plaintiffs] should not be granted." ECF No. [212] at 1. The Court also held a hearing on this matter

---

[1] The Honorable K. Michael Moore, United States District Judge, referred this matter to the undersigned. ECF Nos. [201], [209].

so that Plaintiffs' counsel could clarify and address certain time entries that were included in his request for attorneys' fees which did not appear to be related to the matters for which Plaintiffs prevailed. ECF No. [214]. Upon due consideration, it is hereby **RECOMMENDED** that Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs, ECF No. [208], and Bill of Costs, ECF No. [200], be **GRANTED IN PART AND DENIED IN PART**. Plaintiffs should be awarded $63,245.00 in attorneys' fees and $3,663.49 in costs, for a total of $66,908.49

## I.    BACKGROUND

On March 6, 2019, Plaintiffs filed a Complaint, seeking damages under the Fair Labor Standards Act. ECF No. [1]. Plaintiffs subsequently filed an Amended Complaint, naming the following Defendants: AA and K, Ceres, Environmental Restoration Group, LLC ("ERG"), Katherine M. Biscardi ("Biscardi"), and Alfred Miller ("Miller"). ECF No. [28]. Thereafter, the claims against Defendant ERG were dismissed based on Plaintiffs' failure to perfect service against it, and Environmental Restoration Group of South Florida, LLC ("ERGSF") stipulated to being added as a defendant. ECF No. [99].

On September 29, 2020, the District Court denied Plaintiffs' Motion for Partial Summary Judgment as to the defense asserted by each Defendant that they were not employers under the FLSA and granted summary judgment in favor of Defendants ERGSF and Ceres on all claims. *See* ECF No. [175]. On April 23, 2021, Plaintiffs filed a Notice of Voluntary Dismissal with respect to Defendant Biscardi, and the District Court dismissed all the claims against her. ECF Nos. [195], [196]. Defendants AA and K and Miller, the only remaining Defendants, did not move for summary judgment.

On April 23, 2021, Defendants AA and K and Miller served a Joint Offer of Judgment upon Plaintiffs, "offer[ing] to allow judgment to be entered . . . in favor of each Plaintiff and against Defendants AA and K Restoration Group, LLC and Alfred Miller, jointly and severally, in the full amount of Plaintiffs' respective claims," for a total of $122,149.00. ECF No. [194-1] at 3. On the same day, Plaintiffs accepted the Offer of Judgment. ECF No. [194]. On April 27, 2021, the District Court approved the Offer of Judgment. ECF No. [197]. On May 12, 2021, the District Court entered Final Judgment against Defendants AA and K and Miller, awarding Plaintiffs a total of $122,149.00 and establishing Plaintiffs' entitlement to attorneys' fees and costs. ECF No. [198] at 1–3.

Plaintiffs now seek attorneys' fees and costs from Defendants AA and K and Miller. *See* ECF Nos. [200], [208].[2] First, Plaintiffs seek $68,640.00 in attorneys' fees. ECF No. [208] at 12. Specifically, Plaintiffs' counsel, Anthony Sanchez, billed 170.1 hours at an hourly rate of $400.00 per hour. ECF No. [208] at 4. In addition, a paralegal, Frank Zwanink, billed four hours at an hourly rate of $150.00 per hour. *Id.* Plaintiffs state that "[a]pproximately 183 hours were excluded because those services pertain to other defendants against whom Plaintiffs [did] not [] prevail." *Id.* at 7.

Moreover, Plaintiffs seek $4,043.49 in taxable costs. ECF No. [200] at 1. Specifically, Plaintiffs request $400.00 in fees of the clerk, $540.00 in fees for service of summons and subpoenas, $3,048.49 in transcript fees, and $55.00 in printing fees. ECF

---

[2] Defendant Ceres filed an Opposition to the Bill of Costs, arguing that "the Court [should] deny Plaintiff's motion for bill of costs to the extent that Plaintiffs seek to tax any portion of those costs to Ceres." ECF No. [203] at 2. However, it is clear that Plaintiffs only seek costs from Defendants AA and K and Miller. *See* ECF No. [200].

No. [200] at 1.  Plaintiffs also request $1,358.12 in non-taxable costs, which includes: (1) $79.63 for an overnight hotel stay the evening before two out-of-town witness depositions, (2) $700.00 for the costs incurred in mediation, (3) $354.45 in airfare costs for out-of-town depositions, (4) $175.00 in court reporter fees for a deposition, and (5) $49.04 in car rental fees for an out-of-town deposition.  ECF No. [208] at 4–5, 12.

On January 13, 2020, the Court issued an Order to Show Cause, directing Defendant AA and K and Defendant Miller to show cause as to why Plaintiffs' Motion for Attorneys' Fees and Costs and Bill of Costs should not be granted.  ECF No. [211].  Defendant AA and K responded that there was "no reason" why Plaintiffs should not be awarded its attorneys' fees and costs.  ECF No. [212].  Defendant Miller did not file any response.

## II.   ANALYSIS

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  "Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1346 (S.D. Fla. 2007) (citing *Kreager*, 775 F.2d at 1542).  In addition, under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)).  A presumption exists in favor of awarding costs.  *Id.*  However, a court may only award a prevailing party the costs enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

In this case, there is no dispute that Plaintiffs are the prevailing parties, and as such, are entitled to an award of attorneys' fees and costs. *See* Final Judgment, ECF No. [198] ("In addition to the above amounts, Plaintiffs will be entitled to apply for an award of reasonable attorney's fees and costs now accrued in an amount to be determined by the Court."). As such, the Court must now determine the reasonable amount of attorneys' fees and costs to which Plaintiffs are entitled.

### A. The Request for Attorneys' Fees

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Id.* Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Id.* at 1303. The burden of establishing that the request for attorneys' fees is reasonable rests with the applicant, who must submit evidence regarding the number of hours expended and the hourly rate claimed. *Id.* Evidence in support of the applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* The party seeking attorneys' fees must supply the Court with "'specific and detailed evidence' in an organized fashion." *Machado v. Da Vittorio, LLC*, No. 09–23069–CIV, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).

### 1. The Hourly Rate

Plaintiffs' counsel requests an hourly rate of $400.00 per hour. ECF No. [208] at 4. Counsel submits that this rate is reasonable because "he has been an attorney for approximately 31 years with a considerable amount of experience litigating and trying federal civil rights and labor law employment cases . . . ." *Id.* at 3. Based on the Court's review of counsel's experience in comparison to the reasonable rate in this District, the undersigned finds that $400.00 per hour is a reasonable rate for Plaintiffs' counsel. *See Watts v. Club Madonna, Inc.*, No. 17-24666-CIV, 2019 WL 2271947, at *2 (S.D. Fla. Feb. 14, 2019), *report and recommendation adopted*, No. 1:17-CV-24666-UU, 2019 WL 2268979 (S.D. Fla. Mar. 8, 2019) (finding that $400.00 per hour was a reasonable hourly rate for FLSA counsel with over twenty years of experience). Indeed, courts in this District have awarded Plaintiffs' counsel this hourly rate in similar FLSA cases. *Ramirez v. Supersonic of Florida, Inc.*, No. 20-21592-CIV, 2021 WL 2953628, at *3 (S.D. Fla. June 7, 2021), *report and recommendation adopted*, No. 20-21592-CIV, 2021 WL 2953194 (S.D. Fla. July 14, 2021) ("Based on the undersigned's own experience and knowledge and review of Attorney Sanchez's credentials, the undersigned finds that . . . an hourly rate of $400 is reasonable and appropriate for an attorney of Attorney Sanchez's experience in conjunction with his efforts . . . .") (citations omitted); *Rodriguez v. Supersonic of Florida, Inc.*, No. 20-23459-CIV, 2021 WL 965937, at *3 (S.D. Fla. Feb. 26, 2021), *report and recommendation adopted*, No. 20-23459-CIV, 2021 WL 965747 (S.D. Fla. Mar. 15, 2021) (awarding "Mr. Sanchez an hourly rate of $400 based on his experience, reputation, and competence . . . ."). Moreover, the Court finds that the requested hourly rate of $150.00 for Plaintiffs' paralegal is reasonable given that the paralegal has a Bachelor's degree in

6

Finance, a Master's degree in Business Administration, and eleven years of experience with employment-related cases. ECF No. [208] at 4; *see Podzemelnyy v. Prolog Corp.*, No. 18-62395-CIV, 2020 WL 6064873, at *3 (S.D. Fla. Apr. 20, 2020), *report and recommendation adopted*, No. 18-62395-CIV, 2020 WL 6059794 (S.D. Fla. Oct. 14, 2020) (concluding that a paralegal rate of $150.00 per hour was reasonable for a paralegal specializing in FLSA cases).

### 2. The Amount Of Hours Billed

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). In deciding between the two options available to the Court, an hour-by-hour approach is sometimes preferable, but the "fee documentation can be so voluminous as to render an hour-by-hour review impractical." *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

Here, Plaintiffs' counsel billed 170.1 hours and counsel's paralegal billed four hours. ECF No. [208] at 4. Plaintiffs' counsel submitted detailed time entries, which include a 183-hour deduction for those services that pertain to other Defendants against whom Plaintiffs did not prevail. *See* ECF No. [208] at 7. However, upon a review of the entries submitted, the Court identified forty-two entries that appeared to be related to Defendants against whom Plaintiffs did not prevail. *See* ECF No. [208-1]. At the hearing on this matter, Plaintiffs argued that although those entries pertain to work done in connection with Defendants against whom they did not prevail, they are entitled to recovery because the subject matter of those entries is necessarily intertwined with the merits of the case, and therefore, contributed to their ultimate recovery against Defendants AA and K and Miller.

Plaintiffs' argument is well taken as to some of the entries identified by the Court. Specifically, Plaintiffs are entitled to recover fees for those matters that contributed to their ultimate recovery, such as the time spent reviewing discovery served by the other Defendants given that the information identified in that discovery related to Plaintiffs' general theory of liability, and also assisted Plaintiffs in their ultimate recovery.[3] However, the Court finds that Plaintiffs are not entitled to recover time for matters that exclusively

---

[3] Of the entries identified by the Court and specifically discussed with counsel at the hearing, Plaintiffs **are** to entitled to 9.5 hours of attorney time and 0.1 hours of paralegal time. *See* ECF No. [208-1] at 3 (billed 1.1 hours on 06/14/19), 6 (billed 0.5 hours on 09/09/19 and 0.2 hours on 09/10/19), 7 (billed 0.1 hours on 09/12/19 and 0.1 hours on 09/19/19), 8 (billed 0.1 hours on 09/26/19, 2.8 hours on 09/27/19, and 0.1 hours on 10/01/19), 9 (billed 0.1 hours three times on 10/07/19, 4.0 hours on 10/11/19, and 0.2 hours on 10/30/19), and 10 (billed 0.2 hours on 11/22/19).

8

relate to Defendants against whom they did not prevail and that could not have contributed to their ultimate recovery against Defendants AA and K and Miller. For example, time spent effectuating service of process on Defendants against whom they did not prevail, and time spent responding to discovery exclusively propounded by those Defendants cannot reasonably be identified as intertwined with the matters on which they prevailed, nor could the Court conclude that those hours were related to any theory that led to the judgment against Defendants AA and K or Miller.[4]

As to the remainder of the time sought, the Court finds that no further reduction is necessary because the amount of time billed is reasonable. Specifically, this multi-party case was litigated for over two years and through summary judgment. Plaintiffs engaged in extensive discovery, which included taking over ten depositions and various discovery hearings before the undersigned. *See Galdames v. N & D Inv. Corp.*, 432 Fed. App'x 801, 807 (11th Cir. 2011) (noting that in determining the hours billed by counsel in an FLSA case, courts may consider "the services performed and a reasonable number of hours in completing each" service). In addition, Plaintiffs ultimately recovered $122,149.00 from

---

[4] Of the entries identified by the Court and discussed with counsel at the hearing, Plaintiffs **are not** entitled to recover 13.3 hours in attorney time and 0.5 hours in paralegal time. *See* ECF No. [208-1] at 1 (0.1 hours billed on 04/04/19), 5 (0.1 hours billed on 08/07/19), 6 (0.1 hours billed on 08/26/19, 0.1 hours billed on 08/27/19, and 0.1 hours billed on 09/09/19), 7 (0.1 hours billed on 09/11/19 and 0.1 hours billed on 09/11/19), 8 (0.1 hours billed on 09/26/19, 0.1 hours billed on 09/27/19, 0.8 hours billed on 10/02/19, 0.5 hours billed on 10/03/19, and 0.7 hours billed on 10/04/19), 9 (0.1 hours billed on 10/07/19, 0.2 hours billed on 10/22/19, 0.8 hours billed on 11/01/19), 10 (0.1 hours on 11/20/19, 3.6 hours on 11/26/19, 0.8 hours on 12/09/19, 3.2 hours on 12/13/19, and 1.0 hours on 12/18/19), 11 (0.3 hours on 12/26/19, 0.1 hours billed twice on 12/30/19, 0.1 hours billed on 02/11/20, 0.1 hours billed on 06/09/20, and 0.1 hours billed on 10/28/20), 12 (0.1 hours billed on 01/12/21), and 13 (0.1 hours billed on 04/26/21).

Defendants AA and K and Miller, the full extent of their claims against these Parties. *See* ECF No. [198] at 1–3; *Walker v. Iron Sushi LLC*, 752 Fed. Appx. 910, 916 (11th Cir. 2018) (noting that "it is entirely proper for the court to take into account the results achieved in setting the [fee] award"). As such, the Court finds the hours billed by Plaintiffs' counsel reasonable, as they are consistent with the breadth of services rendered in this case.

In sum, based on the undersigned's hour-by-hour analysis of counsel time entries, the Court finds that Plaintiffs should recover 156.8 of the hours billed by their attorney and 3.5 of the hours billed by the paralegal for a total of $63,245.00. Accordingly, it is hereby **RECOMMENDED** that Plaintiff should be awarded $63,245.00 in attorneys' fees.

### B. The Request for Costs

Section 1920 "defines the term costs as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting*, 482 U.S. at 437 (quotations omitted). The specific costs which may be awarded are as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As previously set forth, there is no dispute that Plaintiffs are the prevailing parties, and as such, are entitled to an award of costs. Plaintiffs request $4,043.49 in taxable cost as follows: (1) $400.00 for the case filing fee, (2) $3,048.49 in transcript costs, (3) $55.00 in witness fees, and (4) $540.00 in service of process costs. ECF No. [200] at 1. Plaintiffs' filing fees, transcript costs, witness fees, and service of process costs are all recoverable under Section 1920. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315–16 (S.D. Fla. 2009) (noting that filing fees, transcript costs, witness fees, and service of process costs are recoverable under Section 1920). First, "[t]he $400.00 filing fee clearly falls within the scope of Section 1920(1)," and as such, should be awarded to Plaintiffs. *Grubbs v. A-1 Gutters & More, LLC*, No. 17-14304-CIV, 2018 WL 4410914, at *2 (S.D. Fla. June 29, 2018). Second, the $3,048.49 in transcript costs and associated court reporter fees for witness depositions are recoverable under Section 1920 and should also be awarded. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) ("Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21, 2007)). Third, under Section 1920 and 28 U.S.C. § 1821, a witness fee of up to $40.00 per day is recoverable for a witness's attendance at a trial or deposition. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007). Although Plaintiffs request $55.00 for witness Andy Wright's appearance at a deposition, ECF No. [200] at 3, Plaintiffs should only be awarded the $40.00 witness fee permitted under Section 1821.

Finally, as to service of process costs, Plaintiffs request reimbursement for the service of six summons and subpoenas. ECF No. [200] at 3. Specifically, Plaintiffs request $45.00 for service of the Complaint on Defendant AA and K, $45.00 for service of the Complaint on Defendant Biscardi, $65.00 for service of the Complaint on Defendant Miller, $65.00 for service of the Amended Complaint on Defendant Ceres, $175.00 for service of the Amended Complaint on Defendant ERGSF, and $145.00 for service of subpoenas on witness Andy Wright. *Id.* As an initial matter, Plaintiffs should not be entitled to recover any costs for the service of documents on Defendants Biscardi, Ceres, and ERGSF because Plaintiffs did not prevail against these Parties. The costs for service on Defendants AA and K and Miller are fully recoverable because they are equal to or lower than $65.00, the standard hourly rate that the U.S. Marshal's Service charges for service of process. *See* 28 C.F.R. § 0.114 (noting that the U.S. Marshal's Service currently charges $65.00 per hour for each subpoena served). Moreover, as to the cost associated with service on witness Andy Wright, Plaintiffs should only recover $65.00, as opposed to the $145.00 requested, because Plaintiffs have not provided any support for an award in excess of the U.S. Marshal's rate. In sum, it is hereby **RECOMMENDED** that Plaintiffs should recover $3,663.49 in taxable costs.

In addition, Plaintiffs request $1,358.12 in non-taxable costs, as follows: (1) $79.63 for an overnight hotel stay the evening before two out-of-town witness depositions, (2) $700.00 for the costs incurred in mediation, (3) $354.45 in airfare costs for out-of-town depositions, (4) $175.00 in court reporter fees for a deposition, and (5) $49.04 in car rental fees for an out-of-town deposition. ECF No. [208] at 4–5, 12.

As previously set forth, Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party in an action may be entitled to costs. Fed. R. Civ. P. 54(d). "However, a court may only tax costs as authorized by statute." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting*, 482 U.S. at 445). In FLSA cases, a prevailing party is only authorized to recover those costs set forth in Section 1920. *See Williams*, 657 F. Supp. 2d at 1315 ("The costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920.") (citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988)).

In this case, Plaintiffs have not provided any support for the award of the non-taxable costs requested. Indeed, air fare, lodging, car rental costs, and mediation expenses are not recoverable under Section 1920. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. App'x 837, 846 (11th Cir. 2008) (noting that "requests for mediation expenses, meals, courier/postage, Lexis–Nexis research, air fare, and lodging are not included under § 1920") (citing 28 U.S.C. § 1920). As to the court reporter fee, Plaintiffs have not provided any explanation or supporting documentation in relation to this cost, and as such, this cost should not be awarded. *Incarcerated Entm't, LLC v. Cox*, No. 18-21991-CIV, 2019 WL 8989846, at *1 (S.D. Fla. Nov. 4, 2019) ("Plaintiff does not provide any supporting documentation related to this cost, which of course could be a basis by itself to deny the request."). Accordingly, it is **RECOMMENDED** that no additional costs be awarded.

### C. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs, ECF No. [208], and Bill of Costs, ECF No. [200], be **GRANTED IN PART AND DENIED IN PART**. Plaintiffs should be awarded $63,245.00 in attorneys' fees and $3,663.49 in costs, for a total of $66,908.49

### D. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court, within **SEVEN (7) DAYS** of being served with a copy of this Report and Recommendation. The undersigned has shortened the objection period because Defendants have not lodged any objections to the fees and costs requested by Plaintiffs. At the hearing on this matter, Plaintiffs' counsel indicated that they did not object to the shortened objection period. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on February 3, 2022.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**